## The Planters Bank of Mississippi *v.* Charles S. Crane.

The vendee may, generally, establish the sale, by proof of the acts and admissions of his vendor. Where fraud is suspected, the admissions of the alleged vendor, must be received with caution, but cannot be absolutely rejected.

Appeal from the Commercial Court of New Orleans, *Watts*, J.

This case was submitted, without argument, by *Micou*, for the plaintiffs, and *Maybin*, for the appellant.

Martin, J. Roach having intervened in this suit to claim the cotton attached by the plaintiffs, is appellant from a judgment dismissing his intervention. The facts of the case are these. The cotton is the produce of the plantation of the defendant, who carted it to the landing, and marked it with the initials of the intervening party. The evidence shows that the latter is a planter, not a dealer in cotton, and that he had not been in the neighborhood for six or eight weeks before. The first judge was of opinion that these circumstances threw upon him the burden of the proof of his having purchased the cotton, or received it in payment of a debt due to him by the defendant.

Our attention is drawn to two bills of exception. The first is taken by the intervenor to the opinion of the court allowing the plaintiffs, in reading certain depositions, to pass over what the witnesses declared they had heard the defendant say. The second is to the admission of the plaintiffs' pretensions to prevent the intervening party from reading that part of the deposition of his witnesses, which relates to what they heard the defendant say. Both the appellant and appellees admit that the cotton was originally the property of the defendant. The appellant contends that he acquired it from the latter by purchase, or *dation en payement.* Whether the cotton was thus acquired, is the point upon which the appellant and appellees are at issue. Generally, the vendee

can establish the sale, by proof of the acts and admissions of his
vendor.   There are cases, indeed, in which the admissions may be
suspicious ; and fraud may be suspected when two persons claim
the property.   In such cases the admissions of the alleged vendor
must be received with caution ; but we are unable to say that they
ought to, or can be absolutely rejected.   The vendor's receipt for
the price, is the best *prima facie* evidence by which the vendee
may establish the sale.   Can it be said that written evidence, un-
der the hand of a party whose oral declarations must be rejected,
can be admitted ?

It appears to us that the judge below erred.   On the merits : The
cotton was attached in the hands of the consignees, who were in
possession of a bill of lading showing that the cotton was shipped
by the intervenor, who has proved that the defendant told a person,
who applied to him to purchase cotton, that he had made a condi-
tional sale of his to the intervening party, and afterwards that the
sale was effected.   The overseer of the intervenor deposed, that
he is of opinion that the defendant was indebted to his employer,
and that the cotton was brought to the landing by the defendant in
part payment of his liability.   But the witness does not give us
any other grounds for his opinion, than the knowledge he had of
the dealings of the defendant with his employer.   The defendant's
overseer deposes, that his employer told him that he had one hun-
dred bales of cotton at the landing, which he was to mark for the
appellant ; and that he afterwards marked them accordingly.   The
witness had the cotton piled with that of the appellant on the bank
of the river, his employer telling him that he had nothing more to
do with it, and that the appellant's overseer would ship it.   The
present case certainly contains nothing that excludes the possibil-
ity of a collusion between the appellant and the defendant, with a
view to defraud the appellees and prevent their seizure of the cot-
ton ; but no circumstance in the case shows more than a probabil-
ity of this.   A creditor who looses the opportunity of securing his
payment, easily suspects those, by whose interference his endea-
vors are defeated, of assisting in the fraud which he supposes in
his debtor.   Suspicion may justify an inquiry ; but, alone, is of no
moment in seeking relief at the hands of a court of justice.

Unusual caution creates a suspicion of fraud.   The vendor, or-

dinarily, leaves to the vendee the care of marking the merchandize sold. In the present case, the vendor took that care upon himself. But admitting, even, that there was neither collusion nor fraud between the vendor and the intervening party, the record does not show that the cotton was ever weighed. Cotton is always sold by the pound. The Civil Code provides, art. 2433, that "when goods, produce, or other objects are not sold in a lump, but by weight, by tale, or by measure, the sale is not perfect, inasmuch as the things so sold are at the risk of the seller, until they be weighed, counted, or measured; but the buyer," &c. We have thought it best to remand the case, to afford the appellant and appellees the opportunity of adducing new proofs, if any there be, of their respective pretensions.

It is, therefore, ordered that the judgment be annulled and reversed, and the case remanded, with directions to the judge to allow the reading of the deposition taken by the intervenor, without excluding those parts which relate to the admissions of the defendant, and not to suffer such admissions to be passed over in reading the depositions taken by the plaintiffs; the latter paying the costs of the appeal.